**Willard Rex TOOLEY, Petitioner-Appellant,**

**v.**

**Jimmy H. ROSE, Warden, Tennessee State Prison, Respondent-Appellee.**

**No. 74–1400.**

United States Court of Appeals, Sixth Circuit.

Dec. 4, 1974.

Willard Rex Tooley, pro se.

Robert G. Gilder, Gilder & Jones, Southaven, Miss. (Court-appointed), for petitioner-appellant.

David M. Pack, Atty. Gen. of Tennessee, W. Henry Haile, II, Nashville, Tenn., for respondent-appellee.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Appellant was convicted of murder in the criminal court of Shelby County, Tennessee. The Tennessee Court of Criminal Appeals affirmed.

Having exhausted his state remedies, Appellant filed a habeas writ below and an evidentiary hearing resulted in a decision for Appellee. Appellant now brings this appeal.

Appellant contends that he was denied his constitutional rights because of ineffective assistance of trial counsel in the state court. Appellant asserts that his trial counsel's failure to secure expert testimony as to Appellant's state of mind at the time of the murder effectively precluded the only viable defense available, that of insanity.

Trial counsel contacted Navy officials in an effort to arrange a psychiatric examination of Appellant, a Marine Staff Sergeant, at the Naval Air Station at Millington, Tennessee. The attorneys were informed that the Naval Air Station did not have the authority to confine prisoners under indictment by civil authorities. Following this, Appellant's trial counsel apparently made no at-

tempt to have Appellant examined by Naval psychiatrists at the jail.

The only expert evidence presented by the defense was testimony by Dr. Frank Luton, Clinical Director of Central Psychiatric Hospital in Nashville, who testified that he and Dr. Kennedy Yearwood conducted psychiatric examinations on the petitioner. Appellant was examined to determine whether he was mentally competent to stand trial, but a determination of Appellant's sanity at the time of the commission of the crime was neither made nor requested. Appellant's trial counsel testified at the federal habeas hearing below that they were unaware of the limited scope of Dr. Luton's determination until he testified at trial.

Although Appellant's family raised money to pay for a private psychiatrist, Dr. Adler, an examination was not made because there was insufficient time before trial. A continuance was not requested because the Appellant wanted to go ahead with the trial. To quote Magistrate Aaron Brown, Jr.'s Report on Reference, at page 18:

"It seems odd that the man whose mental capacity was being questioned, would have been the one to make the ultimate decision whether to seek a continuance to allow Dr. Adler to testify or to go ahead with the trial."

In light of Beasley v. United States of America, 491 F.2d 687 (6th Cir. 1974), decided after the District Court made its findings in this case, this matter is remanded to District Court for the purpose of making a determination as to whether counsel's failure to raise the insanity issue was of such a magnitude as to violate the standards set in *Beasley.*

". . . In view of the persuasive arguments against reaffirming the 'farce and mockery' standard as a meaningful test of the Sixth Amendment right to the effective assistance of counsel, we reject it, except as it may be considered a conclusory description of the objective standard we adopt . . . [w]e hold that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence." 491 F.2d 687 at 696

This case is remanded to the District Court for proceedings consistent with this opinion.

McCREE, Circuit Judge (dissenting).

Although the district court did not apply the test for effective representation that we adopted in *Beasley* when we rejected the "farce and mockery" standard, I do not believe a remand is required. The application of the farce and mockery standard does not automatically require reversal if a claim of ineffective assistance of counsel is rejected. If the district court has conducted a full evidentiary hearing and has made findings of fact as it did here, this court can apply the proper test.

In the context of this case, the proper inquiry is whether defense counsel deprived appellant of a substantial defense by ineffectiveness or incompetence. Despite the perplexity of the magistrate, expressed rhetorically in his Report on Reference quoted in the majority opinion, the district court, after conducting an evidentiary hearing, found that when petitioner was advised that if he should be found guilty by reason of insanity he would be confined to an institution for the criminally insane, he insisted on going to trial without an examination by a private psychiatrist. The district court stated, "His counsel believed he was competent to make this decision as indeed he appears to have been." This finding is not clearly erroneous, and it follows that the decision to go to trial without psychiatric testimony was not the consequence of ineffectiveness or incompetence.

The district court's memorandum correctly decides the other issues presented and I would affirm.